IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Karen Baker, ) | |
| ) | |
| Plaintiff, ) | Case No.: 23-cv-2156 |
| ) | |
| v. ) | |
| ) | |
| Dale Santerelli, Dave Adams, Stuart Taylor, ) | |
| Will County Sheriff Mike Kelley (in his ) | |
| official capacity), and the County of Will, ) | |
| Illinois, ) | |
| ) | |
| Defendants. ) | |

## Complaint

Now comes Plaintiff Karen Baker, by and through counsel, and—against Defendants Dale Santerelli, Dave Adams, Stuart Taylor, Will County Sheriff Mike Kelley, and the County of Will, Illinois—complains as follows:

## Jurisdiction and Venue

1. This action is brought to redress constitutional violations committed by Defendants Dale Santerelli, Dave Adams, and Stuart Taylor, who are all current or former Chiefs of the Will County Adult Detention Facility.

2. This action arises under the United States Constitution (specifically, the 14th Amendment's Equal Protection Clause) and is brought via 42 U.S.C. § 1983.

3. Accordingly, this Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because all the events giving rise to the claims asserted herein occurred in Will County, Illinois.

**Parties**

5. Plaintiff Karen Baker ("Baker") is a former Will County Adult Detention Facility correctional officer. She was passed over for promotion because of her sex (female), in violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

6. As of April 2021, Defendant Dale Santerelli ("Santerelli") was the Chief Deputy/Warden of the Will County Adult Detention Facility. Santerelli is being sued in his individual capacity under 42 U.S.C. § 1983 (for violations of the 14th Amendment).

7. Defendant Dave Adams ("Adams") is the Chief Deputy/Warden of the Will County Adult Detention Facility. As of April 2021, he was a Deputy Chief working in the Will County Adult Detention Facility. Adams is being sued in his individual capacity under 42 U.S.C. § 1983 (for violations of the 14th Amendment).

8. As of April 2021, Defendant Stuart Taylor ("Taylor") was a Deputy Chief working in the Will County Adult Detention Facility. Taylor is being sued in his individual capacity under 42 U.S.C. § 1983 (for violations of the 14th Amendment).

9. Defendant Will County Sheriff Mike Kelley ("Kelley") is an independently elected constitutional officer and the current head of the Will County Sheriff's Office (although his office's activities are funded by public funds appropriated by the County of Will, Illinois). Kelley is being sued in his official capacity.

10. Defendant the County of Will, Illinois ("Will County") is a body politic and corporate, organized under Illinois' County Code, 55 ILCS 5/1-1001, *et seq.* Will County is being named as a necessary party to the lawsuit, given that it is required to indemnify Kelley in the event that there is any settlement entered into with him, or any judgment entered against him, in his official capacity.

11. Baker has brought a related action against Kelley (in his individual and official

2

capacities) and Will County (for indemnification), which is pending in this Court [Case No. 22-cv-3533]. Although Baker recently sought leave to amend her Complaint in that action, in order to add/join Santerelli, Adams, and Taylor as additional defendants, the Court does not intend to rule on her motion until sometime after April 17, 2023. She is bringing this action separately in order to avoid any potential statute of limitations defenses by Santerelli, Adams, or Taylor.

**Facts**

12. Baker is a woman.

13. Baker began working for the Will County Sheriff's Office in 1998, when she began her career as a correctional officer.

14. Baker worked in the Will County Adult Detention Facility from 1998 until January 2023.

15. Kelley is ultimately responsible for the operation of the Will County Adult Detention Facility.

16. In November 2003, Baker was promoted to Sergeant.

17. In June 2007, Baker was promoted to Lieutenant.

18. From 2015 to January 2023, Baker served as Watch Commander (for the day shift) and, in that role, was responsible for the day-to-day operations of the 1000-bed Will County Adult Detention Facility, including all sworn and civilian personnel.

19. Sometime prior to April 6 or 7, 2021, Kelley asked Santerelli, Adams, and Taylor (all members of Kelley's detention facility command staff at the time) for their recommendations as to whom to promote to the vacant Deputy Chief of Support Services position.

20. Santerelli, Adams, and Taylor recommended Vincent Perillo ("Perillo") over Baker for the Deputy Chief of Support Services position.

21. On April 6 or 7, 2021, Kelley promoted Perillo to Deputy Chief of Support Services for the Will County Adult Detention Facility.

22. Perillo is a man.

23. Prior to his promotion, Perillo was a lieutenant.

24. Baker had been working for the Will County Sheriff's Office for six years longer than Perillo (Baker started in 1998; Perillo started in 2004).

25. Baker had been a lieutenant for 9 years longer than Perillo (Baker was promoted in 2007; Perillo was just promoted in 2016).

26. Baker had received numerous awards throughout her career, including but not limited to:

    a. Correctional Officer of the Year award in 2002;
    b. Meritorious Service award in 2004;
    c. Sheriff's Office Unit Award – Classification (1st officer to ever receive this) in 2005;
    d. Correctional Supervisor of the Year award in 2013;
    e. Meritorious Service award in 2017;
    f. Honorable Service award (20 years) in 2018;
    g. Supervisory Excellence award in 2020; and
    h. Crisis Intervention award in 2021.

27. Upon information and belief, Baker had received more awards than Perillo had.

28. Baker is a veteran of the U.S. Navy.

29. Perillo is not a veteran.

30. Baker completed the Northwestern University Public Safety Staff and Command School in 2004.

31. Upon information and belief, Perillo never attended Northwestern University Public Safety Staff and Command School.

32. In 2012, Baker completed the National Jail Leadership Command Academy.

33. Upon information and belief, Perillo never completed the National Jail Leadership Command Academy.

4

34. Baker was qualified for the promotion that Perillo received.

35. Baker was not chosen for this promotion because of her sex.

36. Baker has suffered from being denied this promotion—she has lost wages, she now has diminished earning power, and she has suffered emotional distress.

**Count I: 14th Amendment to the U.S. Constitution (via Section 1983)**
*Against Dale Santerelli, Dave Adams, and Stuart Taylor*

37. Baker re-alleges paragraphs 1-36 as if copied and pasted here.

38. Baker is a woman.

39. Baker was qualified for the promotion to Deputy Chief of Support Services, which Perillo ultimately received.

40. Santerelli, Adams, and Taylor knew that their recommendations for the Deputy Chief position would substantially influence Kelley's decision.

41. Santerelli, Adams, and Taylor recommended Perillo over Baker for the Deputy Chief position because of Baker's sex.

42. Santerelli's, Adams's, and Taylor's recommendations substantially influenced Kelley's decision to promote Perillo over Baker.

43. Santerelli, Adams, and Taylor caused Perillo to be promoted over Baker.

44. Perillo was not more qualified than Baker for that Deputy Chief position (in fact, Baker had *more* seniority and was *more* qualified).

45. Santerelli, Adams, and Taylor were acting under color of state law when they recommended Perillo over Baker for the Deputy Chief position.

46. Santerelli, Adams, and Taylor were personally involved in the discrimination against Baker, as described above.

47. Santerelli's, Adams's, and Taylor's conduct violated the equal protection guarantee of the 14th Amendment to the U.S. Constitution.

### Count II: Indemnification
*Against Will County Sheriff Mike Kelley (in his official capacity) and Will County*

48. Baker re-alleges paragraphs 1-47 as if copied and pasted here.

49. The acts and/or omissions of Santerelli, Adams, and Taylor alleged herein were committed within the scope of their employment for Kelley.

50. In the event that a settlement is entered into with, or a judgment is entered against, Santerelli, Adams, and/or Taylor, Kelley (in his official capacity) must pay the settlement or judgment,[1] as well as any associated attorneys' fees and costs.

51. In the event that a judgment is entered against Kelley in his official capacity or a settlement is entered into with Kelley in his official capacity, Will County must pay the judgment or settlement.

52. Thus, in the event that a settlement is entered into with, or a judgment is entered against, Santerelli, Adams, and/or Taylor, Will County ultimately must pay the settlement or judgment,[2] as well as any associated attorneys' fees and costs.

### Prayer for Relief

Baker requests that Santerelli, Adams, and Taylor (in their individual capacities) be found liable under the U.S. Constitution, via Section 1983; that judgment be entered in her favor; that she be awarded all remedies to which she is entitled under the law, including but not limited to injunctive relief, backpay, front pay, lost benefits, other equitable relief as appropriate, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, expert witness fees, and costs; and that Santerelli, Adams, and Taylor (in their individual capacities), Kelley in his official capacity, and Will County be ordered to pay the award.

---

[1] (excluding any punitive damages)
[2] (excluding any punitive damages)

**Jury Demand**

Baker demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Submitted by:

/s/ Julie Herrera
/s/ Steve Molitor
Law Office of Julie O. Herrera
159 N. Sangamon St., Ste. 200
Chicago, IL 60607
Phone: 312-479-3014
Fax: 708-843-5802
jherrera@julieherreralaw.com
smolitor@julieherreralaw.com